IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JIMMIVIOUS JONES,   )<br>        #289871,   )<br>                       )<br>            Petitioner,   )<br>                       )<br>v.   )<br>                       )<br>THE STATE; AND WARDEN,   )<br>Broad River Correctional Institution,   )<br>                       )<br>           Respondents.   )<br>_____) | CIVIL ACTION NO. 9:08-2083-GRA-BM<br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

       This is a Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The petition was filed on May 29, 2008.[1] The Respondents filed a return and motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on November 7, 2008. As the Petitioner is proceeding pro se, a Roseboro order was filed on November 12, 2008, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the Respondents' motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, Respondents' motion may be granted, thereby ending his case. Petitioner thereafter filed a memorandum in opposition to the motion for summary judgment on December 19, 2008. This matter is now before the Court for disposition.[2]

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondents have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



**Procedural History**

The file reflects that Petitioner was indicted in the October 2002 term of the Greenville County Court of General Sessions with assault and battery with intent to kill [Indictment No. 02-GS-23-9909]. (R.pp. 236-237). Prior to trial, the State noticed Petitioner of the State's intent to seek life without parole under the recidivist statute. (R.pp. 231-232). On September 4-5, 2003, Petitioner was tried before a jury, at which he was represented by Daniel Farnsworth, Esquire. (R.pp. 1-235). At the conclusion of this trial, Petitioner was found guilty as charged and was sentenced to life imprisonment without the possibility of parole. (R.pp. 231-233).

Petitioner filed a timely appeal. Petitioner was represented on appeal by Joseph L. Savitz, Acting Chief Attorney of the South Carolina Office of Appellate Defense, who filed an Anders[3] brief seeking to be relieved as counsel and raising the following issue:

> The trial judge erred by failing to instruct the jury on the law relating to mere presence.

(R.p. 245).

The Petitioner did not file a pro se brief, and on June 14, 2005, the South Carolina Court of Appeals affirmed Petitioner's convictions and sentence in an unpublished Opinion. State v. Jones, 2005-UP-390 (S.C.Ct.App. filed June 14, 2005). (R.pp. 251-252). The Remittitur was sent down on July 1, 2005. See Respondents' Exhibit Three.

On January 9, 2006, Petitioner filed an Application for Post Conviction Relief ("APCR") in state circuit court. (R.pp. 253-258). Petitioner raised the following issues in his APCR:

> I. Trial counsel failed to request a mere presence instruction.

---

[3]Anders v. California, 386 U.S. 738, 744 (1967); see also Johnson v. State, 364 S.E.2d 201 (S.C. 1998).



II. Trial counsel failed to call certain witnesses favorable to the applicant;

III. Trial counsel failed to adequately investigate and prepare for trial.

(R.p. 255).

An evidentiary hearing was held on Petitioner's APCR on June 22, 2006, at which Petitioner was present and represented by Susannah C. Ross, Esquire. (R.pp. 265-293). The PCR judge orally denied relief at the conclusion of the hearing; (R.pp. 291-292); and thereafter entered a written order denying relief and dismissing the petition on July 5, 2006. (R.pp. 294-300).

Petitioner filed a timely notice of appeal with the South Carolina Supreme Court. Petitioner was represented on appeal by Kathrine H. Hudgins, Appellate Defender, and raised the following issues:

> 1. Was counsel ineffective in failing to request a jury charge on the law of mere presence?
>
> 2. Was trial counsel ineffective in failing to challenge the State from seeking life without parole as punishment for petitioner exercising his constitutional right to a jury trial?

See Respondents' Exhibit 4, Petition, 2.

The South Carolina Supreme Court denied the Petition for Certiorari on January 9, 2008. See Respondents' Exhibit Six. The Remittitur was sent down on January 25, 2008. See Respondents' Exhibit Seven.

Petitioner then filed this habeas corpus petition in the United States District Court. Petitioner raises the following issues in this petition:

> **Ground One:** Trial counsel was ineffective in failing to request a jury charge on the law of mere presence.
>
> **Ground Two:** Trial counsel was ineffective in failing to challenge

3

>                    the State seeking life without parole as punishment
>                    for exercising my constitutional right to jury trial?

See Petition, pp. 6-7.

### **Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

As noted, Petitioner argues that his trial counsel was ineffective for failing to request a jury charge on the law of mere presence and for failing to challenge the State seeking life without parole as punishment for Petitioner exercising his constitutional right to a jury trial. These issues were raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in his petition. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986). Respondents initially argue that, although Petitioner raised the second issue (ineffective assistance of counsel for failing to challenge the State seeking life as punishment for Petitioner exercising his constitutional right to a jury trial) in his APCR (R.pp. 268, 273, 277-278, 284-286, 290), this claim was not specifically ruled on by the PCR court. Therefore, Respondents contend that this issue is procedurally barred from consideration by this Court. However, the PCR judge does reference this issue in his order; (R.pp. 296-297); and Petitioner also raised this issue in his PCR appeal. See Respondents' Exhibit 4, p.2. Therefore, out of an abundance of caution, the undersigned has



discussed this issue along with Petitioner's first issue on the merits.

The PCR court rejected Petitioner's claims, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Jones v. State of South Carolina, No. 06-CP-23-169. Specifically, the PCR judge found that: 1) Petitioner testified that he was not originally served with notice of intent to seek life without parole (LWOP), but that he was only served with this notice once he chose to go to trial; 2) Petitioner testified that trial counsel should have requested a mere presence jury charge; 3) trial counsel confirmed that Petitioner was not originally served with a LWOP notice, but testified that he had discussed the matter with the Petitioner once the notice was served and Petitioner knew he was facing a LWOP sentence; 4) trial counsel testified that the State had a very strong case against the Petitioner; 5) Petitioner's testimony was not credible; 6) trial counsel's testimony was credible; 7) counsel adequately conferred with the Petitioner, conducted a proper investigation, and was thoroughly competent in his representation; 8) trial counsel rendered reasonably effective assistance under prevailing professional norms; 9) Petitioner failed to present specific and compelling evidence that trial counsel committed either errors or omissions in his representations of the Petitioner; 10) trial counsel did an excellent job in attacking the credibility of the eyewitnesses; 11) based on the evidence presented at trial, counsel did not err in failing to request a jury charge on mere presence; 12) regardless, Petitioner failed to show that he was prejudiced by counsel's performance; 13) the State had a strong case against the Petitioner; 14) witness Tasha Bailey testified that she saw the Petitioner shoot the victim and witness Robyn Nowaczck testified that she heard the gunshot and then saw the Petitioner run back to the car holding a gun; 15) the life without parole sentence was mandatory after the jury returned a guilty verdict; and 16) Petitioner did not meet his burden to show that counsel failed to render reasonably effective assistance. (R.pp. 296-299).

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual

5





issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, where a Petitioner's ineffective assistance of counsel claims are adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). See Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claims.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice a Petitioner must show that there is a reasonable

6

probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir. 1996), cert. denied, 519 U.S. 1016 (1996).

For the reasons set forth below, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

**I.**

In Ground One of his Petition, Petitioner contends that his counsel was ineffective for failing to request a jury charge on the law of mere presence. However, the facts must support a jury instruction for it to be proper. State v. Crosby, 559 S.E.2d 353, 355 (S.C. 2002). For example, mere presence instructions have been found to be warranted when the evidence presented supports the conclusion that a defendant was "merely present" at the scene where drugs were found and it was questionable whether the defendant had a right to exercise dominion and control over them. See Brunson v. State, 477 S.E.2d 711, 713 (S.C. 1996). Mere presence instructions are also warranted where there is doubt over whether the defendant is guilty as an accomplice to a crime. In such a case, the trial court may be required to instruct the jury that mere presence at the scene is insufficient to find the defendant guilty as an aider or abetter. State v. Dennis, 468 S.E.2d 674, 678 (S.C.Ct.App. 1996). The evidence in the case at bar is not sufficient to meet this standard.

At trial, Nowaczck testified that she heard a loud shot and scream, and then the Petitioner ran around the front of the car carrying a gun and got in. (R.p. 100). Bailey testified that she saw the Petitioner shoot the victim and then get back into the car. (R.pp. 79-80). Petitioner did not testify and there were no other witnesses at the scene, other than the victim who did not testify. Petitioner argues that the testimony from the State's witnesses, Bailey, that she had been doing cocaine on the day when she saw the Petitioner shoot the victim, and Nowaczck, who did not testify that she saw the Petitioner shoot the victim, entitled him to a mere presence charge. However, the cited testimony does not give rise to an inference that Petitioner was "merely present" at the time of the shooting. Counsel testified at the PCR hearing that the State had a very strong case against the Petitioner, the PCR judge found that the State had a strong case, and counsel testified that he didn't

7



know if he would have requested a mere presence instruction even if he had been allowed to do so.[4] (R.pp. 281, 284, 298). The PCR judge also found that, even if the instruction had been requested and given, the Petitioner had not shown that the outcome of the trial would have been different. (R.p. 298).

The undersigned agrees, and finds that Petitioner has failed to show that trial counsel's performance was deficient in not requesting a mere presence instruction. Furthermore, even assuming that a mere presence charge should have been given, Petitioner has not shown the likelihood of a different outcome. Cf. Carelock v. South Carolina, No. 05-291, 2006 WL 1074908, *11 (D.S.C. Apr. 20, 2006)[Finding that in light of the charge as a whole, there was no reasonable probability the result would have been different had a mere presence charge been given]. See (R.pp. 207-215). Therefore, even if Petitioner could show that his counsel's performance was deficient, he has not shown any prejudice as a result of counsel's failure to request a mere presence charge.

Petitioner has also failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable, and his claim that his counsel was ineffective on this ground should therefore be dismissed. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, supra; Fisher, 215 F.3d at 446-447 [Court reviewed petitioner's ineffective assistance of counsel claims under the standards set forth in 28 U.S.C. § 2254(d)].

## II.

In Ground Two of his Petition, Petitioner argues that his counsel was ineffective for failing to challenge the State seeking life without parole as punishment for Petitioner exercising his constitutional right to a jury trial. At the PCR hearing, Petitioner's PCR counsel conceded that there was not any case law on this specific issue to support Petitioner's position; (R.p. 290); and Petitioner does not dispute that the State was entitled to seek life without parole based upon his prior record. Petitioner and his counsel both also testified that they were aware that the State would seek life without parole if Petitioner did not accept the plea negotiations and instead requested a jury trial. (R.pp. 273, 277-278). See also, Petitioner's Exhibit 1 [Letter of Mark Moyer].

---

[4]Trial counsel testified the trial judge did not ask for requested charges. (R.p. 281).

8



Petitioner has not shown that his constitutional rights were violated by the State offering to not seek life without parole if Petitioner pled guilty, but stating that it would seek life without parole if Petitioner proceeded to trial. See Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978)[Where prosecutor offered to recommend five (5) year sentence in exchange for guilty plea, or would seek life sentence under recidivist statute, the court found no vindictiveness, noting that "in the 'give-and-take' of plea bargaining, there is no element of punishment or retaliation so long as the accused is free to accept or reject the prosecutor's offer]; cf. Corcoran v. Buss, 551 F.3d 703, 710-712 (7th Cir. 2008); Jeferson v. Crosby, No. 04-416, 2008 WL 681018 at * 13 (N.D.Fla. Mar. 6, 2008); Wilson v. McGrath, No. 99-2868, 2006 WL 2845611 at *10 n. 5 (N.D.Cal. Sept. 29, 2006). Therefore, Petitioner has not shown any deficient performance, nor has he shown any prejudice as a result of counsel's failure to challenge the State seeking life as punishment for exercising his constitutional right to a jury trial.

Accordingly, Petitioner has also failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable, and his claim that his counsel was ineffective on this ground should be dismissed. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to established federal law or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, supra; Fisher, 215 F.3d at 446-447 [Court reviewed petitioner's ineffective assistance of counsel claims under the standards set forth in 28 U.S.C. § 2254(d)].

## **Conclusion**

Based on the foregoing, it is recommended that Petitioner's Petition for Writ of Habeas Corpus be **denied**, that Respondents' motion for summary judgment be **granted**, and that this Petition be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____

March 9, 2009                                       Bristow Marchant
Charleston, South Carolina              United States Magistrate Judge

9



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

