IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Jimmivious Jones, #289871, ) | |
| ) | C/A No. 9:08-2083-GRA-BM |
| Petitioner, ) | |
| vs. ) | ORDER |
| ) | |
| The State; and Warden, Broad ) | |
| River Correctional Institution, ) | |
| ) | |
| Respondents. ) | |
| ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., filed on March 9, 2009. the petitioner filed this a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 29, 2008. The Respondents filed a return and motion for summary judgment pursuant to Rule 56,on November 7, 2008. Following the issuance of a *Roseboro* Order, the petitioner filed a memorandum in opposition to the motion for summary judgment on December 19, 2008. The magistrate now recommends dismissing this action without prejudice. Both parties have objected.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Both parties have filed objections to the Report and Recommendation.

    a. <u>The petitioner's objections</u>

On March 17, 2009, the petitioner filed objections to the magistrate's Report and Recommendation.  In these objections the petitioner restates his claims that his attorney was ineffective for failing to request a "mere presence" jury charge and failing to object to the State's seeking of life imprisonment.  However, these objections offer no new evidence or additional legal arguments than the pleadings already set forth by the petitioner.  Accordingly, this Court finds that the adoption of the magistrate's Report and Recommendation adequately addresses these objections.

b.  The defendants's objections

The respondents argue that the petitioner's claim that his counsel was ineffective for failing to challenge the State for seeking life without parole as punishment for the petitioner exercising his constitutional right to a jury trial.  The respondent argues that at the PCR hearing the petitioner failed to obtain a ruling.  The respondent argues that the issue was not presented in compliance with well established state procedural rules, and was not available for review on appeal.

However, after a review of the record, this Court finds that the magistrate's Report and Recommendation was sound.  At the PCR hearing, the presiding judge clearly discussed the petitioner's claims and ultimately determined that they did not rise to the level of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 698 (1984).  (R. at 296-7).  Accordingly, addressing the issue was proper.

After reviewing the record, and the Report and Recommendation this Court finds

that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

## Conclusion

Based on the foregoing, the Mr. Jones's Petition for Writ of Habeas Corpus is DENIED, the Respondents' motion for summary judgment is GRANTED, and this Petition is DISMISSED.

IT IS SO ORDERED.

*[signature]*

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

April 17, 2009

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.